UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -against-                                                 1:03-CR-193
                                                                   (LEK)

CHARLES H. HILDENBRANDT,

                       Defendant.

## MEMORANDUM-DECISION AND ORDER

      Defendant Charles H. Hildenbrandt ("Hildenbrandt") filed a Rule 33 motion, asking the Court to vacate his judgment and grant him a new trial. Memo. (Dkt. No. 68) at 1. In his motion, he claims that: (1) an expert, ATF Bomb Technician Richard Gonzalez, was allowed to testify as to legal, rather than scientific, standards and definitions; (2) improper hearsay testimony regarding an identification of Hildenbrandt was allowed without a curative instruction to the jury; (3) there was no proof that the K-9 that indicated the presence of gasoline was properly certified prior to the incident; and (4) there was insufficient evidence of bodily injuries to the firefighters, and that the Court's instruction to the jury on that issue was erroneous. Id. Hildenbrandt posits that these errors, taken together, were not harmless, and a new trial should be held. Id.

      Pursuant to Rule 33(b), a motion for a new trial based upon newly discovered evidence must be filed within three years after the verdict or finding of guilty. Fed. R. Crim. P.33(b)(1). Such a motion that is based upon any grounds other than newly discovered evidence must be filed within seven days after the verdict or finding of guilty, or within the time that the court may set during that seven day period. Fed. R. Crim. P. 33(b)(2).

1

A jury found Hildenbrandt guilty of both charges contained in the indictment on June 4, 2004.  Verdict (Dkt. No. 58).  In this case, the statute of limitations for filing a Rule 33 motion (or receiving an extension of time from the Court) based upon grounds other than newly discovered evidence expired on June 11, 2004.  Hildenbrandt did not file a Rule 33 motion or request an extension of time to do so by that date; the instant motion was not filed until March 11, 2005.  Motion (Dkt. No. 68).  Thus, in order for his motion to be timely filed, it must be based upon newly discovered evidence.  A review of Hildenbrandt's motion reveals no newly discovered evidence.  In fact, the basis for each of the grounds for relief is conduct that occurred at the trial.  Therefore, the motion is denied as untimely.

Based on the foregoing discussion, it is hereby

ORDERED, that Hildenbrandt's Rule 33 motion is **DENIED**; and it is further

ORDERED, that Hildenbrandt will be sentenced on <u>**June 9, 2005 at 11 A.M.**</u>; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.


DATED:  April 27, 2005
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge